SARAH H. BARNES et al., Respondents, *v.* SOUTHFIELD BEACH COMPANY et al., Defendants, and SOUTHFIELD BEACH RAILROAD COMPANY, Appellant.

Release — release of land from lien of mortgage "for railroad purposes only" upon condition that railroad be built thereon by a certain date — upon breach of such condition land became again subject to mortgage.

Plaintiffs, holders of a mortgage covering a strip of land owned by defendants, executed a release thereof as to such strip "for railroad purposes only" and with the proviso that if a railroad thereon was not constructed by a certain date and in case the premises should be used for other than railroad purposes, "the said premises hereby released are to become part of the mortgaged premises and be sub

ject to the lien of said mortgage as if this release had not been made."
*Held*, that the plaintiffs intended to release the lien of their mort-
gage upon the condition, subsequently to be performed, that the
railroad should be in operation by the date mentioned, and that
thereafter the land should not be used for other than railroad pur-
poses.    Upon the breach of this condition the obligation of the plain-
tiffs ceased and the company lost its rights to a release of the lien
and its interest in the mortgaged premises became subject thereto.

*Barnes* v. *Southfield Beach R. R. Co.*, 136 App. Div. 896,
affirmed.

· (Argued May 18, 1911; decided May 30, 1911.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered January 8, 1910, affirming a judgment in favor
of plaintiffs entered upon a decision of the court on trial
at Special Term.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Lewis H. Freedman* for appellant.    The clause in the
release should be construed as a covenant and not as
a condition subsequent.    (*Post* v. *Weil*, 115 N. Y. 361;
*Graves* v. *Deterling*, 120 N. Y. 447; *Moore* v. *Prentiss
T. & S. Co.*, 133 N. Y. 144; *Cunningham* v. *Parker*, 146
N. Y. 29; *Allen* v. *F. L. & T. Co.*, 18 App. Div. 27.)
The failure of the appellant to have its road constructed
and in operation on June fifteenth was not such a breach
as entitled the respondents to re-enter or as to make the
right of way immediately subject to the lien of respond-
ents' mortgage.    (*Gratz* v. *H. S. R. R. Co.*, 165 Mo.
211; *Minard* v. *D., L. & W. R. R. Co.*, 139 Fed. Rep.
60; *Ludlow* v. *N. Y. & H. R. R. Co.*, 12 Barb. 440;
*Trustees of Union College* v. *City of New York*, 65 App.
Div. 553; 175 N. Y. 38; *Upington* v. *Corrigan*, 151 N. Y.
143.)    The bringing of the release action was not equiva-
lent to a re-entry.    (*Leitch* v. *Wells*, 48 N. Y. 585;
*Hailey* v. *Ano*, 136 N. Y. 569; *Brox* v. *Riker*, 56 App.
Div. 388.)

*John Brooks Leavitt* and *Stuart G. Gibboney* for respondents. The case at bar constitutes a clear case of a breach of condition, whether it be called a condition precedent or subsequent. (*Nichols* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 121; *Fowler* v. *Coates*, 128 App. Div. 381; *Trustees of Union College* v. *City of N. Y.*, 173 N. Y. 38; *Ronalds* v. *Rowe*, 145 Fed. Rep. 296; *Wilmore Coal Co.* v. *Brown*, 147 Fed. Rep. 937; *Schlesinger* v. *K. C. & S. R. R. Co.*, 152 U. S. 444; *O'Meara* v. *B. C. R. R. Co.*, 16 App. Div. 204.)

GRAY, J. The action was brought to foreclose a mortgage and the appellant railroad company was made defendant, as claiming some interest in the mortgaged premises adverse to the plaintiffs'. These premises consisted in a tract of land on the southeasterly shore of Staten Island and, after the execution of the mortgage to the plaintiffs, the owner and mortgagor conveyed a strip to the company through the tract, upon which to build its railroad. A proposed terminal of this road would be near to a beach, which the plaintiffs owned and had improved for use as a summer resort. Desiring to lift the lien of the mortgage from its land, the company applied to the plaintiffs for, and obtained, an instrument of release; to the granting of which the plaintiffs were moved by the expectation of profit from bringing visitors to their beach. The instrument was executed in August, 1900. It recited the facts of the plaintiffs' mortgage and of the company's ownership and, after proceeding to grant, release and quitclaim, by description, so much of the mortgaged land to the company, then, continued as follows: "This property is released to the said party of the second part, (the railroad company), its successors and assigns, for railroad purposes only, and in case a railroad is not constructed and in operation on the same by June 15, 1901, and in case said premises are used for other than railroad purposes, the said premises hereby

released are to become a part of the mortgaged premises and be subject to the lien of said mortgage, as if this release had not been made." The rest of this unnecessarily long instrument dealt with the subject-matter, as though it had been some grant of an estate, or interest, in land, including a habendum clause. The preparation of such an instrument displayed great ignorance of the law and of what was necessary to express the agreement of the parties. That agreement was, simply, a release of the mortgage lien conditioned upon the railroad being in operation by the date fixed. The plaintiffs, as mortgagees, had no title to the lands and, of course, they could grant no estate in them. The company had all the estate that could be conveyed and held it, subject only to the lien of the prior mortgage. The mortgagees were not in possession and all they could do was, either, to release absolutely their lien, or to agree to do so upon some condition. So that, however extraordinary this instrument, the question is, was it operative for any purpose? What, stripped of its irrelevant and impertinent clauses and verbiage, did the parties intend and accomplish by it? I think that the plaintiffs, who alone executed the instrument, intended to release the lien of their mortgage upon the condition, subsequently to be performed, that the railroad should be in operation by June 15th, 1901, and that, thereafter, the land should not be used for other than railroad purposes. The company owned the land; but could not free it from the plaintiffs' lien, unless with their consent and upon any lawful condition they might see fit to impose. The company could go on with the building and operation of its railroad, notwithstanding the mortgage lien; or it could earn, or acquire, a release of the lien by performance of the condition imposed. It is argued by the appellant that this clause in the instrument, if doubtful, should be construed as a covenant and not as a condition. However inartificially drawn, I think that it must be treated

as a condition; upon the breach of which the obligation of the plaintiffs ceased and the company lost its right to a release of the lien. There was no promise by the company to do anything and, hence, no covenant with the plaintiffs; but there was a condition which, if and as performed, would entitle it to hold the land freed from the lien. It is true that the clause is not declared to be a condition and does not contain words usually employed in connection with a condition; but that is not always the test and this is a case where the question of whether a clause is a covenant, or a condition, is to be determined by the apparent intention of the parties, rather than by any fixed rules of construction, or upon the precise form of words. Technical rules must, generally, yield to the application to the contracts of parties of good sense and reason. (*Post* v. *Weil*, 115 N. Y. 361, 370.) The situation of the parties and the purpose of this release, plainly, show a condition subsequent to have been intended. The clause goes to the whole of the consideration; which was, as found by the trial court, that there should be a railroad in operation at a time when the ensuing summer season began and such a continuing use thereafter of the land.

The company being in default, as to the completion of its railroad on June 15th, the default operated to terminate the conditional agreement to release and to defeat any claim of the company thereunder. There could be, of course, no re-entry by the plaintiffs; for no estate had been created and the plaintiffs had no right to the possession of the land. Nor was any action necessary to be instituted by them to enforce any forfeiture. The land was not released from the lien and the instrument, simply, had failed to be operative in the company's favor. The equitable action, which the plaintiffs did institute, shortly after June 15th, to set aside the release, was, absolutely, futile; for the court could give them nothing they did not, already, possess. It could add nothing to their

rights under the mortgage, in its fullest scope. It may have served the purpose, somewhat cumbrously, of notifying the company of the attitude of the plaintiffs, as intending no waiver of their rights and no indulgence, and that is all. When, in 1908, upon the maturity and non-payment of the debt secured by the mortgage, these plaintiffs commenced this action of foreclosure, the appellant's interest in the mortgaged premises was subject to the mortgage lien and, therefore, the judgment appealed from should be affirmed.

CULLEN, Ch. J., VANN, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment affirmed, with costs.